**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Inc., an Arizona non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Dhillon Investments, Inc., a Colorado corporation; and Rupinder Dhillon, an individual,<br><br>Defendants. | No. CV-09-2645-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Best Western International, Inc. ("Best Western") is a non-profit corporation consisting of individually owned hotels that operate under the "Best Western" mark. The rights and duties of Best Western and its members are created and governed by a membership agreement, which incorporates by reference certain bylaws and rules and regulations. The membership agreement permits the Best Western Board of Directors to terminate a member hotel for failure to meet certain quality and design standards.

Dhillon Investments, Inc. owns and operates a hotel known as the Cow Palace Inn, located in Lamar, Colorado. On March 15, 2004, Rupinder Dhillon executed a membership agreement with Best Western on behalf of himself and Dhillon Investments. Best Western terminated the membership on May 12, 2009.

Best Western filed a complaint against Dhillon Investments and Rupinder Dhillon on December 21, 2009, asserting various state and federal law claims arising from the alleged

unlawful use of Best Western's marks and alleged failure to pay monies owed to Best Western. The complaint asserts nine claims: breach of contract, open account, breach of contract – post termination use of trademarks, federal trademark infringement, federal false designation of origin and unfair competition, federal trademark dilution under 15 U.S.C § 1125(c), unfair competition under Arizona law, trademark dilution under Arizona law, and common law trademark infringement. Best Western seeks damages, injunctive relief, and attorneys' fees and costs. Dkt. #1.

Best Western has filed a motion for default judgment against Dhillon Investments. Dkt. #15. Dhillon Investments was served with the complaint (Dkt. #12), but has not responded to the motion or otherwise appeared in this action. For reasons that follow, the Court will grant Best Western's motion.

**I.     The Motion for Default Judgment.**

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Best Western seeks the following default judgment against Dhillon Investments: (1) damages on counts one and two in the amount of $5,590.41, plus interest at the rate of 1.5% per month from April 1, 2010, (2) damages on count three in the amount of $394,523.25, (3) a permanent injunction on counts four through nine that enjoins Dhillon Investments and its representatives from using Best Western's marks, and (4) attorneys' fees and costs on all counts in the amount of $4,148.70. Dkt. #15 at 2-4.

Because Dhillon Investment's default has been entered under Rule 55(a) (Dkt. #14), the Court has discretion to grant default judgment pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Best Western, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, the factual allegations of the complaint, except those relating to the amount of damages, will be taken

as true. *See* Fed. R. Civ. P. 8(6)(6); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. Possible Prejudice to Best Western.

The first *Eitel* factor weighs in favor of granting Best Western's motion because it will be prejudiced if default judgment is not entered. Best Western served process on Dhillon Investments more than two months ago. Dkt. #12. Dhillon Investments has not answered the complaint or otherwise appeared in this action. If Best Western's motion for default judgment is not granted, it "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Moreover, given the Court's finding below that Best Western has stated valid trademark infringement and unfair competition claims, Best Western "undeniably would be prejudiced absent the entry of permanent injunctive relief [by] default judgment." *PepsiCo, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1116 (S.D. Fla. 2007).

### B. The Merits of the Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim to relief under the pleading standards of Rule 8. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A review of Best Western's verified complaint and the membership agreement attached thereto shows that Best Western has stated valid contract, trademark, and unfair competition claims against Dhillon Investments. The second and third *Eitel* factors favor a default judgment.

### C. The Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. Best Western seeks $5,590.41 for unpaid charges on Dhillon Investment's Best Western account, $394,523.25 in liquidated damages for Dhillon Investment's post-termination use of Best Western's marks, and attorneys' fees and costs in the amount of $4,148.70. Dkt. #15 at 2-4. Given the willfulness of Dhillon Investment's conduct (*see*

Dkt. #1 ¶¶ 26-32), and the difficulty of proving actual damages on the trademark and unfair competition claims, the Court finds that the amount of the requested default judgment damages is not unreasonable. *See Best W. Int'l, Inc. v. Oasis Invs., L.P.*, 398 F. Supp. 2d 1075, 1081 (D. Ariz. 2005) (finding a liquidated damages clause enforceable where the defendant did not contest the reasonableness of the amount and it would be very difficult for the plaintiff to accurately estimate the damages caused by the defendant's infringing conduct); *Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at *1 (N.D. Cal. Dec. 15, 1997) (amount of money at stake was reasonable where it was contractually justified). The Court further finds that the amount of the requested fee award is reasonable.

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Dhillon Investment's default, "no genuine dispute of material facts would preclude granting [Best Western's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

### E. Whether Default Was Due to Excusable Neglect.

Dhillon Investments was properly served with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Dkt. #12. It therefore is "unlikely that [the] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

### F. The Policy Favoring a Decision on the Merits.

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Dhillon Investment's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court therefore is not precluded from entering default judgment. *See id.*; *Gemmel*, 2008 WL 65604 at *5.

1 **II.    Conclusion.**

2 Having reviewed Best Western's motion (Dkt. #15) and supporting affidavit
3 (Dkt. #16), and having considered the *Eitel* factors as a whole, the Court concludes that the
4 entry of default judgment against Dhillon Investments is appropriate.  The Court will
5 (1) grant default judgment on counts one and two of the complaint in the amount of
6 $5,590.41, plus interest at the rate of 1.5% per month from April 1, 2010 (Dkt. ##1 ¶¶ 30-42,
7 16 ¶ 8), (2) grant default judgment on count three in the amount of $394,523.25 (Dkt. ##1
8 ¶¶ 43-46, 16 ¶¶ 9-11), (3) grant injunctive relief on counts four through nine (Dkt. #1 at
9 11-18), and (4) award Best Western $4,148.70 in attorneys' fees and costs (*see* Dkt. #15-1).

10 **III.   Defendant Rupinder Dhillon.**

11 It appears that Best Western has failed to serve process on Rupinder Dhillon within
12 the time provided by Rule 4(m).  Best Western shall, by **May 14, 2010**, file a notice of
13 dismissal with respect Rupinder Dhillon or show cause why he should not be dismissed for
14 lack of service of process.

15 **IT IS ORDERED:**

16 1. Plaintiff Best Western International, Inc.'s motion for default judgment against
17    Defendant Dhillon Investments, Inc. (Dkt. #15) is **granted**.

18 2. Default judgment is entered in favor of Plaintiff and against Dhillon
19    Investments, Inc. on counts one and two of the complaint in the amount of
20    **$5,590.41**, plus interest at the rate of 1.5% per month from April 1, 2010 until
21    paid in full.

22 3. Default judgment is entered in favor of Plaintiff and against Dhillon
23    Investments, Inc. on count three of the complaint in the amount of
24    **$394,523.25**.

25 4. Default judgment is entered in favor of Plaintiff and against Dhillon
26    Investments, Inc. on counts four through nine of the complaint.

27 5. Dhillon Investments, Inc., and any person or entity acting on its behalf or in
28    concert with it, are **permanently enjoined** from using, or authorizing,

licensing, assisting, or facilitating any person's or entity's use of, the Best Western marks, any colorable imitation thereof, or any other confusingly similar mark.

6. Dhillon Investments, Inc. shall, within **10 days** from the date of this Order, remove all Best Western marks used in connection with the Cow Palace Inn, located in or near Lamar, Colorado.

7. Plaintiff is awarded attorneys' fees and costs in the amount of **$4,148.70**.

8. Plaintiff's motion for preliminary injunction (Dkt. #6) is **denied** as moot.

9. Plaintiff shall, by **May 14, 2010**, file a notice of dismissal with respect Defendant Rupinder Dhillon or show cause why he should not be dismissed for lack of service of process.

DATED this 30th day of April, 2010.

_____
David G. Campbell
United States District Judge